UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EVELYN R.[1],

                           Plaintiff,

v.                                                                        CASE # 19-cv-01554

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>SAMANTHA J. VENTURA, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | FRANCIS D. TANKARD, ESQ.<br>KRISTIN EVERHART, ESQ.<br>NICOL FITZHUGH, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on April 12, 1976 and has less than a high school education. (Tr. 181, 268). Generally, plaintiff's alleged disability consists of a back injury, depression and numbness in the feet. (Tr. 267). Her alleged onset date of disability is August 3, 2015 and date last insured December 31, 2020. (Tr. 263).

### B. Procedural History

Plaintiff protectively filed applications for Title II and Title XVI benefits on February 22, 2016, and July 25, 2016, respectively. (Tr. 181-94). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On June 13, 2018, plaintiff appeared before the ALJ, Susan G. Smith. (Tr. 51-75). On October 5, 2018, ALJ Smith issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 19-44). On September 18, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since August 3, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: cervical spine degenerative disc disease and lumbar spine degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could: occasionally stoop, kneel, balance, and crouch; occasionally climb stairs and ramps; never climb ladders, ropes, or scaffolds; never crawl; and must avoid concentrated exposure to hazards including dangerous moving machinery and unprotected heights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 12, 1976 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569a, 416.1569a, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 3, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 19-36).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly evaluate an opinion from consultative examiner

3

Dr. Rosenberg. Second, the ALJ's RFC is unsupported by substantial evidence. (Dkt. No. 6 at 1 [Pl.'s Mem. of Law).

### B. Defendant's Arguments

Defendant responded to both of plaintiff's points arguing the ALJ properly considered Dr. Rosenberg's opinion and the RFC finding is supported by substantial evidence. (Dkt. No. 18 at 16, 19 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.     ANALYSIS

### A. Dr. Rosenberg Opinion

On October 12, 2016, Dr. Rosenberg examined the plaintiff at the request of the State agency and issued an opinion regarding functional abilities. (Tr. 597-600). He concluded plaintiff had a severe restriction for activity involving prolonged and uninterrupted standing, walking, squatting, kneeling, heavy lifting, carrying, bending, or twisting or turning of the cervical spine. (Tr. 600). ALJ Smith accorded the opinion little weight and explained the medical evidence generally showed good strength and range of motion in the claimant's extremities while radiological studies showed only mild abnormalities overall. (Tr. 31). She further noted that clinical notes reflect a greater degree of relief in plaintiff's pain than alleged and post-operative treatment was relatively conservative. (Tr. 32). Plaintiff's argument that the ALJ's reasoning is not accurate fails in this instance.

While ALJs are required to consider the opinions of consultative examiners, and may rely on such, they are not entitled to the same deference as a treating physician under the applicable regulations. *See* 20 C.F.R. §§ 404.1527, 416.927. *See also Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)(We have previously cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination.). Here, the ALJ appropriately identifies the inconsistency of Dr. Rosenberg's opinion with the medical records as grounds for not adopting the opinion. An ALJ does not have to adopt a consultative examiner's conclusions when inconsistent with other medical records. *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (ALJ did not err by failing to adopt consultative examining physician's conclusions in determining the claimant's RFC where the physician's findings were inconsistent with other contemporaneous medical records). Plaintiff's argument consists of citing records where there is evidence of decreased

strength in the right lower extremity, decreased sensation, positive straight leg raises, antalgic gait and spasms. (Dkt. No. 6 at 19-20). Plaintiff also repeats findings from radiological and nerve studies. (*Id*.). However, as indicated in defendant's brief, there are also numerous citations in the record which show good muscle strength and range of motion, unremarkable diagnostic imaging, and negative testing. (Dkt. No. 12 at 18). It is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence and to weigh all of the available evidence to make an RFC finding that is consistent with the record as a whole. The ALJ thoroughly discussed the various findings, medical history, and treatment both before and after the examination by Dr. Rosenberg, in assessing the opinion and the RFC. She provided good reasons for not crediting the opinion and was acting within her scope of duty when rejecting the consultative examiner's opinion.

### B.  Substantial Evidence

Next plaintiff essentially argues the RFC is not supported because the ALJ did not rely on a medical opinion when formulating the RFC but rather relied on her own lay interpretation of evidence. (Dkt. No. 6 at 20-28). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line

7

with the ALJ's RFC determinations."). Plaintiff's argument that all the opinions of record were improperly rejected and the ALJ erred by not relying on an opinion is meritless. (Dkt. No. 6 at 23).

Plaintiff acknowledges the ALJ addressed all opinion evidence in the record but asserts the ALJ erred in evaluating each opinion. (*Id.*). As discussed above, it is not only permitted, but the ALJ's duty to resolve genuine conflicts in the record. *Veino v. Barnhart*, 312 F.3d at 588 (2d Cir. 2002). Indeed, the substantial evidence standard is so deferential that there could be two contrary rulings on the same record, and both may be affirmed as supported by substantial evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 127 (2d Cir. 2012). Once an ALJ finds facts, the Court can reject those facts only if a reasonable factfinder would have to conclude otherwise. *Brault v. Soc. Sec. Admin.*, 683 F.3d 448 (2d Cir. 2012). Plaintiff's arguments are a disagreement with how the ALJ evaluated the evidence. *See* Dkt. No. 6. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

The ALJ properly determined that many of the opinions pertained to plaintiff's worker's compensation claim which asserted only a percentage of temporary impairment between 50% to 100% or constituted temporary work excuses. (Tr. 32, 315-42, 366, 390, 404, 416, 427, 437, 441, 470, 482, 490, 514, 643; 673, 675, 678, 679; 740-67, 793-835, 853, 858, 863; 902; 939, 1031, 1118, 1328, 1333, 1341, 1349). Opinions that a plaintiff was disabled under worker's compensation rules are entitled to no deference because a finding of disability is one reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d) (an opinion on the ultimate issue of disability is not a medical opinion and is not entitled to any "special significance"). *See also Jenkins v. Comm'r of Soc. Sec.*, No. 18-CV-6092, 2019 WL 483838, at *4 (W.D.N.Y. Feb. 7, 2019) (ALJ may properly discount a medical source opinion based on a worker's compensation standard because workers' compensation claims are governed by different standards than Social Security disability claims.). The ALJ accordingly gave limited weight to these opinions as they are

based on the worker's compensation rules, are temporary in nature, and do not reflect any vocationally specific functional limitations. (Tr. 32).

ALJ Smith also diligently discussed the other opinions while providing good reasons for the weight accorded. The ALJ gave partial weight to the April 2018 opinion of Dr. Rehmatulla finding that it overstated plaintiff's limitations when compared to specific clinical findings and test results in the record. (Tr. 32, 945). As discussed above, the ALJ found that objective testing generally showed although lumbar range of motion was restricted, she had good muscle strength and range of motion in the extremities. (Tr. 30, 365, 403, 415, 440, 450, 469, 478, 481, 497, 675, 679, 694, 702, 842, 882, 889, 1030-31, 1317). The ALJ considered the opinion of Ms. Wlorarek, a physician's assistant, who opined that plaintiff should avoid all lifting, carrying, pushing or pulling, climbing, stooping or bending, and had some limitations on walking, standing, sitting, using public transportation, and driving. (Tr. 33, 1313-14). The ALJ gave the opinion little weight because Ms. Wlorarek was not an acceptable medical source, §§ 404.1513, 416.913, and because she found the opinion was not supported by the overall record. (Tr. 33). The ALJ again found the restrictions were inconsistent with the evidence of generally normal muscle strength, bulk, and tone (Tr. 30, 365, 403, 415, 440, 450, 469, 478, 481, 497, 675, 679, 694, 702, 842, 882, 889, 1030-31, 1317), as well as good extremity range of motion. (Tr. 30, 365, 403, 415, 440, 450, 469, 478, 481, 497, 675, 679, 694, 702, 842, 882, 889, 1030-31, 1317). Finally, the ALJ considered the opinion of a physician's assistant, Mallory Ward, who treated plaintiff during her initial hospital visit in August 2015 and opined that plaintiff could return to work with no restrictions. (Tr. 33, 771). ALJ Smith accorded limited weight to the opinion because it was at the beginning of the relevant time period and plaintiff eventually underwent surgery and had positive findings with objective testing which supported functional limitations. (Tr. 33, 368, 391, 403, 415, 436, 440, 450, 551, 599, 694, 711, 721, 889, 907, 921, 939, 1027, 1030, 1316, 1327, 1332, 1340, 1348). However, the ALJ found that

the assessment did provide additional support for her determination that plaintiff's subjective complaints were exaggerated as compared to the objective evidence. (Tr. 33).

Plaintiff again asserts there are findings in the record which are contrary to those cited by the ALJ and alleges the ALJ mischaracterized the record by not including all findings. (Dkt. No. 6 at 25). Although a voluminous case file the ALJ did address all medical evidence, including treatment notes, objective findings, medical opinions, and plaintiff's testimony to reach an RFC determination that reflected her analysis of the credible evidence of record. (Tr. 29-34). As discussed above, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Although plaintiff has cited to evidence not expressly discussed by the ALJ in her analysis, it is not required that the ALJ have mentioned every item of testimony presented to her or have explained why she considered particular evidence unpersuasive or insufficient to lead her to a conclusion of disability. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983*); see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir.1981) (rejecting the proposition that the hearing officer must explicitly reconcile "every shred" of conflicting testimony). Furthermore, an ALJ's failure to cite specific evidence does not indicate that such evidence was not considered. *Brault,* 683 F.3d at 448.

Plaintiff's final argument that there is no opinion evidence or other evidence of record that plaintiff could perform the walking, standing or sitting requirements of light work similarly fails. The burden is on plaintiff to prove a more restrictive RFC than assessed by the ALJ. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a).  Plaintiff merely asserts there is no evidence of the ability to perform

light work but does not offer any evidence of greater limitations. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED**.

Dated: September 10, 2021  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge